UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 18-CIV-23643-RAR

**CHARLOTTE SALINERO,** *et al.*,

      Plaintiffs,

v.

**JOHNSON & JOHNSON, INC.,** *et al.*,

      Defendants.

_____/

### ORDER DENYING DEFENDANT JOHNSON & JOHNSON'S MOTION TO DISMISS

**THIS CAUSE** comes before the Court on Defendant Johnson & Johnson, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction [ECF No. 83] filed on April 25, 2019 ("Motion"). Johnson & Johnson seeks an order dismissing Plaintiffs' claims on grounds that this Court lacks personal jurisdiction.  Johnson & Johnson waited until April 25, 2019, almost six months after receiving notice of Plaintiffs' Amended Complaint, to file its Motion.  Notably, prior to filing its Motion, Johnson & Johnson requested four discovery hearings; scheduled seven depositions; filed three case management reports; agreed to a joint stipulation on expert disclosures; filed a motion for protective order and an expedited motion seeking a physical examination of the Plaintiff; and otherwise actively participated in the litigation.

Since filing its Answer and Affirmative Defenses, Johnson & Johnson has not raised, reserved, or remarked on the Court's alleged lack of personal jurisdiction despite a litany of docket activity.  In sum, Johnson & Johnson's conduct is inconsistent with the preservation of the jurisdictional defense it now asserts. For the foregoing reasons, the Court finds that Johnson & Johnson waived its personal jurisdiction defense.  Therefore, it is **ORDERED AND ADJUDGED** that Johnson & Johnson's Motion [ECF No. 83] is **DENIED** as set forth herein.

## PROCEDURAL HISTORY

Plaintiffs filed their Complaint [ECF No. 1] on September 6, 2018.  In response, Johnson & Johnson filed a Motion to Dismiss for Failure to State a Claim [ECF No. 17].  In its Motion to Dismiss for Failure to State a Claim, Johnson & Johnson made no mention or allegation that the Court lacked personal jurisdiction.  Therefore, Johnson & Johnson would have otherwise waived said defense under Rule 12(h) of the Federal Rules of Civil Procedure.  However—and fortunately for Johnson & Johnson—Plaintiff filed an Amended Complaint [ECF No. 20] on October 23, 2018, and thus mooted Defendants' Motion to Dismiss for Failure to State a Claim.

In response to Plaintiffs' Amended Complaint, Johnson & Johnson filed its Answer and Affirmative Defenses [ECF No. 27] on November 6, 2018 ("Answer").  Included amongst its sixty-three affirmative defenses, Johnson & Johnson alleged the Court did not have personal jurisdiction. This was the last and only time Johnson & Johnson mentioned, reserved, or raised the affirmative defense until it filed the Motion currently before the Court.

In its Motion, Johnson & Johnson argues it has insufficient contacts with the forum. In their Response in Opposition [ECF No. 132] filed on May 17, 2019 ("Response"), Plaintiffs allege that Johnson & Johnson has purposefully availed itself of the forum and has waived its personal jurisdiction defense by actively litigating this case.  Johnson & Johnson filed its Reply to Plaintiffs' Response in Opposition [ECF No. 144] on May 24, 2019 ("Reply"), insisting it did not waive its ability to challenge personal jurisdiction.

## LEGAL STANDARD

Both the United States Constitution and state long-arm statutes forbid a defendant from being forced to defend itself in the courts of a particular state unless that state can properly exercise personal jurisdiction over defendant.  *See Stubbs v. Wyndham Nassau Resort and Crystal Palace*

*Casino*, 447 F.3d 1357, 1360 (11th Cir. 2006) (citation omitted).  Thus, a federal court sitting in diversity undertakes a two-step inquiry in ruling on a motion to dismiss for lack of personal jurisdiction.  "First, it must determine whether the exercise of jurisdiction is appropriate under the state long-arm statute.  Second, it must determine whether the exercise of jurisdiction violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution." *McCullough v. Royal Caribbean Cruises, Ltd.*, 268 F. Supp. 3d 1336, 1343 (S.D. Fla. 2017) (citing *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009)).

"A plaintiff seeking to establish personal jurisdiction over a non-resident defendant 'bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction.'" *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1350 (11th Cir. 2013) (quoting *United Techs. Corp.*, 556 F.3d at 1274); *see also Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1268-69 (11th Cir. 2002) (noting plaintiff has the burden of establishing a prima facie case of personal jurisdiction, and "'[a] prima facie case is established if the plaintiff presents enough evidence to withstand a motion for directed verdict.'") (quoting *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990)).

Where a defendant challenges personal jurisdiction in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(2) and submits evidence in support of its position, "the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction." *Id.* (citation and internal quotation marks omitted).  The plaintiff must then "substantiate the jurisdictional allegations in the complaint by affidavits or other competent proof, and not merely reiterate the factual allegations in the complaint." *Polskie Linie Oceaniczne v. Seasafe Transport A/S*, 795 F.2d 968, 972 (11th Cir. 1986).  "Where the plaintiff's complaint and supporting evidence conflict with the defendant's affidavits, the court must construe all reasonable inferences in favor of the

plaintiff," *Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d 1249, 1257 (11th Cir. 2010) (citation omitted), and still must "accept the facts alleged in the complaint as true, to the extent they are uncontroverted by the defendant's affidavits," *Madara*, 916 F.2d at 1514.

A challenge to personal jurisdiction is abandoned when a defendant fails to raise the issue in either a responsive pleading or Rule 12 motion. "Federal Rule of Civil Procedure 12(h) states unequivocally that a claim based on a 'lack of jurisdiction over the person . . . is waived . . . if it is neither made by motion under this rule nor included in a responsive pleading or an amendment therefore permitted by Rule 15(a) . . . .'" *Stubbs*, 447 F.3d 1357, 1365 (11th Cir. 2006) (quoting Fed. R. Civ. P. 12(h)); *see also Palmer v. Braun*, 376 F.3d 1254, 1259 (11th Cir. 2004) (explaining that a defendant waives personal jurisdiction defense by not interposing it in responsive pleading or motion to dismiss); *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1213, n.4 (11th Cir. 1999) ("By omitting this defense from its motion, Essex waived any challenge it could have asserted to the court's exercise of personal jurisdiction over it.").

"However, personal jurisdiction may also be waived, even if a defendant has nominally preserved the defense by reciting it in an answer, if that defendant substantially participates in the litigation without actively pursuing its Rule 12(b)(2) defense." *Matthews v. Brookstone Stores, Inc.*, 431 F. Supp. 2d 1219, 1223 (S.D. Ala. 2006) (citations omitted); *see, e.g.*, *Rates Technology Inc. v. Nortel Networks Corp.*, 399 F.3d 1302, 1309 (Fed. Cir. 2005) (noting that "a party may consent to personal jurisdiction by extensively participating in the litigation without timely seeking dismissal"); *PaineWebber Inc. v. Chase Manhattan Private Bank (Switz.)*, 260 F.3d 453, 459 (5th Cir. 2001) (acknowledging the "well-established rule that parties who choose to litigate actively on the merits thereby surrender any jurisdictional objections"); *Hamilton v. Atlas Turner, Inc.*, 197 F.3d 58, 60 (2nd Cir. 1999) (observing that "delay in challenging personal jurisdiction by motion

to dismiss may result in waiver, even where . . . the defense was asserted in a timely answer")
(citations omitted); *Yeldell v. Tutt*, 913 F.2d 533, 539 (8th Cir. 1990) (acknowledging defendant
"literally complied with Rule 12(h) by including the jurisdictional issue in their answer" but
finding waiver of personal jurisdiction because defendant failed to "comply with the spirit of the
rule, which is 'to expedite and simply proceedings in the Federal Courts'") (citations omitted).

## DISCUSSION

Plaintiffs contend that Johnson & Johnson has actively engaged in litigation by initiating
several discovery requests and filing numerous motions, thereby waiving its challenge to personal
jurisdiction.  In support of waiver, Plaintiffs also note Johnson & Johnson's decision to file the
Motion almost six months after alleging its affirmative defense and essentially, three months
before calendar call.  Thus, the question here is whether Johnson & Johnson's litigation activity,
coupled with its failure to move forward with its Motion for almost six months, results in a waiver
of its personal jurisdiction defense.

In the absence of explicit guidance from the Eleventh Circuit, "review of persuasive
authority from other jurisdictions discloses two clear organizing principles for the 'waiver-by-
conduct' analysis." *Matthews*, 431 F. Supp. 2d at 1224.  First, the more time that passes between
service of process and defendant's motion to dismiss for lack of personal jurisdiction, the more
likely courts will find waiver.  *Id*. (citations omitted).[1]  "By contrast, the shorter the intervening
time period, the more likely it is that no waiver will be construed."  *Matthews*, 431 F. Supp. 2d at

---

[1]  *See, e.g., Hamilton*, 197 F.3d at 62 (determining defendant forfeited personal jurisdiction defense by
failing to raise it for four years after inclusion of defense in answer); *Continental Bank, N.A. v. Meyer*, 10
F.3d 1293, 1297 (7th Cir. 1993) (finding waiver where defendants did not actively contest personal
jurisdiction for more than two and a half years after listing the defense in their answer); *Hunger U.S. Special
Hydraulics Cylinders Corp. v. Hardie-Tynes Mfg. Co.*, No. 99-4042, 2000 WL 147392, *3 (10th Cir. Feb.
4, 2000) (defendant waived personal jurisdiction defense by waiting more than three years to file motion to
dismiss on that basis, after first timely raising the defense in its answer).

1224 (citations omitted); *see Brokerwood Products Int'l (U.S.), Inc. v. Cuisine Crotone, Inc.*, No. 03-30622, 2004 WL 1541314, *3 (5th Cir. July 9, 2004) (reversing waiver where seven months passed between defendant's answer raising a personal jurisdiction defense and its motion to dismiss).

"Second, in addition to the sheer passage of time, courts assessing whether there is a waiver by conduct look to the extent of the objecting defendant's involvement in the action. The more active a defendant has been in litigating a case, the more likely it is that the defendant will be deemed to have waived defects in personal jurisdiction." *Matthews*, 431 F. Supp. 2d at 1224; *see, e.g.*, *Hamilton*, 197 F.3d at 62 (finding wavier where defendant participated in extensive pretrial proceedings before filing motion to dismiss); *Continental*, 10 F.3d at 1297 (waiving personal jurisdiction defense where defendants participated in lengthy discovery, filed various motions, and opposed a number of plaintiff's motions, before filing its Rule 12(b)(2) motion); *Thursday LLC v. Klhip Inc.*, No. 17-1587, 2018 WL 4216389, *4 (M.D. Fla. Sep. 9, 2018) (waiving personal jurisdiction where defendants agreed in part with plaintiff's motion for preliminary injunction; participated in a case management conference; and did not object to the Court's jurisdiction at any point in the litigation prior to filing its motion to dismiss).

This distinction between active and passive litigation has, in many cases, served as the tipping point in determining whether defendant has waived its defense of lack of personal jurisdiction. In *Matthews*, defendant alleged lack of personal jurisdiction as an affirmative defense in its responsive pleading to both the third-party complaint and first amended complaint. 431 F. Supp. 2d at 1225. In the time between its answer and the time it filed its motion to dismiss, defendant only filed documents required by the court, such as an answer, a corporate disclosure statement, initial disclosures, and discovery responses. *Id.* at 1222. Additionally, defendant "did

not notice or take a single deposition . . . [or] propound discovery requests to anyone." *Id.* at 1226. As a result, the court determined that defendant "was [] largely a passive player" and the "quantum of participation rank[ed] far below the levels deemed to constitute a waiver . . . ." Because defendant did not actively participate in the litigation *and* the time defendant remained silent was minimal, the court found defendant did not waive its personal jurisdiction defense. *Id. But see Gainesville Coins, LLC v. VCG Ventures, Inc*., Case No. 8:13-cv-1402-T-30MAP, 2013 WL 4596968, *2 (M.D. Fla. Aug 28, 2013) (personal jurisdiction waived where parties had stipulated to a preliminary injunction and participated in a case management conference).[2]

In opposition to a finding of waiver, Johnson & Johnson relies on three distinguishable decisions from the Southern District of Florida.   First, Johnson & Johnson cites to *National Enquirer, Inc. v. News Group News, Ltd.*, where the court found defendant did not waive its defense of lack of personal jurisdiction by filing its motion to dismiss 11 months after the complaint was filed.  670 F. Supp. 962, 966-67 (S.D. Fla. 1987).  The Court in *National Enquirer* makes no mention of *any* litigation activity whatsoever taken during the 11-month period.  The case sheds little light on whether defendant participated in pretrial proceedings or discovery, or whether defendant filed any motions over the course of the 11-month delay.  Consequently, it is easily distinguished from persuasive authority like *Continental*, *Hamilton*, *Matthews*, and

---

[2]  It is also worth noting that "[b]ecause the requirement of personal jurisdiction in a waivable right, 'there are a variety of legal arrangements by which a litigant may give express or implied consent to the personal jurisdiction of the court.'" *PaineWebber, Inc.*, 260 F. 3d at 461 (citations omitted) (noting that an agreement to arbitrate is "one such 'legal arrangement' by which a litigant may impliedly consent to personal jurisdiction."); *see also Aeration Solutions, Inc. v. Dickman*, 85 F. App'x 772, 774 (Fed. Cir. 2004) (finding defendants voluntarily acknowledged and acquiesced to the district's jurisdiction over them by stipulating to an injunction); *Nat. Union Fire Ins. Co. of Pittsburgh, PA v. Beta Constr. LLC*, 8:10-CV-1541-T-26TBM, 2010 WL 4316575, at *1 (M.D. Fla. Oct. 26, 2010) (finding defendant "waived his right to attack the personal jurisdiction of [the] Court by entering an appearance and participating in the case management conference without objecting to the Court's personal jurisdiction").

*Thursday LLC*.  In relying on this decision, Johnson & Johnson mistakenly focuses on only one prong of the waiver analysis—the passage of time.

Second, Johnson & Johnson relies on *In re Trasylol Prods. Liab. Litig.-MDL-1928*, where the court noted that "waiver of a personal jurisdiction defense by conduct or appearance is not readily found."  No. 08-01928, 2011 WL 5529934, at *2 (S.D. Fla. July 21, 2011) (citing *Baragona v. Kuwait Gulf Link Transport Co.*, 594 F.3d 852, 854 (11th Cir. 2010)).[3]  However, more importantly, the court found defendant did not waive its defense simply because defendant did not "engage[] in the type of extensive discovery or motions practice that has persuaded other circuits to find a waiver of the defense."  2011 WL 5529934 at *3 (citing *Continental*, 10 F.3d at 1296-97; *Hamilton*, 197 F.3d at 61).  Again, in relying on this decision, Johnson & Johnson mistakenly focuses on only one prong of the waiver analysis.

Lastly, Johnson & Johnson's reliance on *Contour Products, Inc. v. Albecker* is similarly unavailing.  In *Contour*, the court merely reviewed the status of Florida law pertaining to waiver, noting that "[t]he longstanding rule in Florida has been that if a defendant files any pleading [relating] to [the] merits of the case the defendant waives all challenges to service of process or jurisdiction."  No. 08-60575, 2009 WL 10646653 at *5 (S.D. Fla. June 2, 2009) (citation omitted).  There, the court held that defendant's initial motion was defensive and reactionary in nature and thus did not constitute a waiver of personal jurisdiction.  *Id.*  Again, this is hardly the case here.  The court's decision in *Contour* mirrors an argument more akin to Johnson & Johnson waiving

---

[3]  Johnson & Johnson insinuates that the Eleventh Circuit's opinion in *Baragona* (cited in *Trasylol*) somehow establishes Eleventh Circuit precedent cautioning against the finding of personal jurisdiction waiver through conduct.  *See* Defs.' Reply 9-10.  *Baragona*, however, addresses "'lawyerly gamesmanship'" in the context of "ignoring valid service, retaining counsel in the United States, monitoring court proceedings, and then filing a motion to vacate the judgment after a default judgment was rendered against it."  594 F.3d at 854.  Here, the waiver analysis does not involve "overt wrongdoing to deceive the court and avoid service of process."  *Id.* (citation omitted).  Thus, *Baragona* is inapposite.

personal jurisdiction under Rule 12(h) of the Federal Rules of Civil Procedure.  The question here is whether Johnson & Johnson waived its personal jurisdiction defense by affirmative *conduct*. Consequently, this case is also easily distinguishable and inapplicable.

Equipped with the aforementioned case law, the Court turns to Johnson & Johnson's specific conduct from both a timing and litigation activity perspective.  In terms of duration, the near six-month delay between Johnson & Johnson receiving notice of Plaintiffs' Amended Complaint and the filing of the Motion before the Court is considerably a shorter time frame than the periods of inaction in *Hamilton* (four years), *Continental* (two and a half years), *Hunger* (three years), and *Brokerwood* (seven months).  Only *Matthews* presents a comparable time frame of roughly four to five months.  Accordingly, the period of inaction exhibited by Johnson & Johnson does not support a finding of waiver.

However, waiver is not only dependent upon how long a party allows its personal jurisdiction defense to languish.  What a party does in terms of its litigation conduct from the time of its first appearance until the filing of its motion to dismiss for lack of personal jurisdiction is a key element of the inquiry.  And it is here where Johnson & Johnson has gone to the mattresses.[4] A closer look at the specific litigation activity by Johnson & Johnson is warranted in order reach this conclusion:

- Johnson & Johnson participated in an hour-long case management conference with Plaintiffs to file a Joint Case Management Report [ECF No. 18];

- Johnson & Johnson stipulated to a Motion for Protective Order [ECF No. 38] to keep both parties' private information confidential;

- Johnson & Johnson filed an Interim Joint Status Report [ECF No. 53] listing the status of discovery, including Johnson & Johnson's notice to take *seven* scheduled

---

[4]  "Going to the mattresses" is a euphemism colloquially used to symbolize preparing for war, popularized by Santino "Sonny" Corleone in Francis Ford Coppola's 1972 classic film, "The Godfather."  *See* IMDB The Godfather Quotes, http://www.imdb.com/title/tt0068646/quotes/?tab=qt&ref_=tt_trv_qu (last visited June 5, 2019).

depositions (four of Plaintiffs' experts, Plaintiff's Treating Physician, and both Plaintiffs);

- Johnson & Johnson filed an Expedited Motion under Rule 35(a) [ECF No. 54] for Plaintiff to submit to a physical examination; and

- Johnson & Johnson set *four* discovery hearings [ECF Nos. 58, 72 78, 81], [5] (totaling over an hour and a half in court) to discuss various issues with Plaintiffs' discovery production, the requested medical examination, and to strike confidential and allegedly irrelevant information from deposition transcripts.

*After* this active exchange in the forum, Johnson & Johnson filed the Motion before the Court and for the *first* time since filing its Answer, raised its defense of personal jurisdiction.[6]  Given the aforementioned litigation activity, Johnson & Johnson cannot be described as a passive player in this action, such as defendant in *Matthews*, who did not notice or take a single deposition or propound discovery requests, or defendant in *Brokerwood*, who engaged in limited litigation conduct on a dormant case.

Here, Johnson & Johnson repeatedly and substantially participated in the litigation, availed itself of judicial resources in this forum, and indicated a dogged commitment to engaging in and pursuing discovery.  And although Johnson & Johnson may maintain that it made Plaintiffs "aware" that personal jurisdiction would be an issue in this case, its litigation conduct since the filing of this affirmative defense over the near six months suggests otherwise.  Essentially, Johnson & Johnson's conduct is the type of conduct that "has persuaded other circuits to find a waiver of the defense."

---

[5]  Johnson & Johnson's fourth discovery hearing was cancelled by Magistrate Judge O'Sullivan on April 26, 2019, because the underlying motion was not a discovery matter [ECF No. 84].

[6]  A review of the docket indicates that Johnson & Johnson has continued to note the pending Motion before the Court in *certain* filings.  *See* Defs.' Mot. Summary Judgment [ECF No. 92]; Defs.' Mot. Bifurcate [ECF No. 105]; Proposed Jury Instructions [ECF No. 135].

To be clear, the Court does not fault Johnson & Johnson for vigorously defending itself. But Johnson & Johnson's conduct demonstrates a clear willingness to submit itself to the jurisdiction of the Court.  Therefore, it is hereby **ORDERED AND ADJUDGED** as follows:

1.      Defendant Johnson & Johnson's Motion to Dismiss for Lack of Personal Jurisdiction [ECF No. 83] is **DENIED**.

2.      Plaintiffs Motion for Leave to File Jurisdictional Discovery [ECF No. 122] is **DENIED AS MOOT**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 7th day of June, 2019.

_____
**RODOLFO RUIZ**
**UNITED STATES DISTRICT JUDGE**